THOMAS *v.* STATE.

4416            196 S. W. 2d 486

Opinion delivered September 30, 1946.

*Reinberger & Eilbott,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

HOLT, J. Appellant, Andrew Thomas, a Negro, was tried on an information charging him with murder in the first degree, alleged to have been committed November 22, 1945, by striking his wife's mother with an iron poker and stabbing her with an ice pick, causing her death. He was convicted and the death penalty imposed.

The record discloses that appellant, by timely objections, has preserved twenty-five alleged errors during

the trial of this cause, only one of which is argued here. This being a capital case, the rules of this court require that we consider all alleged errors where objections have been made in the lower court, regardless of whether such alleged errors are argued here on appeal. *Phillips v. State,* 190 Ark. 1004, 82 S. W. 2d 836.

As indicated, appellant argues but one alleged error here and in this connection says: "Appellant here urges reversal of the lower court on the ground that the lower court erroneously permitted the introduction of a statement made by the accused in the nature of a confession while he was in custody and while counsel of his choosing was not present. The testimony here shows that previous to the time that the confession was made by the accused he had employed attorneys of his own choosing to defend him and the prosecuting attorney or sheriff's office knew this fact or could easily have ascertained same. Yet notwithstanding this fact this statement was taken from the accused in the absence of that counsel and without any attempt to have that counsel present."

It appears from the record that the appellant November 23, 1945, made a full, complete, and detailed confession of the crime charged against him, freely and voluntarily, without coercion or threats or of any promise of leniency or reward of any kind. This confession was made and signed by appellant in the presence of the prosecuting attorney, other officers, and a young lady stenographer who took down his confession, in the nature of questions propounded by the prosecuting attorney, and appellant's answers, in the Jefferson County jail at Pine Bluff. Appellant was 23 years of age. This confession was made without the knowledge and in the absence of his counsel. Appellant made no request that his counsel be summoned nor that he be present during the confession.

Was the action of the lower court, in these circumstances, in permitting this confession to be introduced in evidence, error? We do not think any error was committed by its introduction. While this court appears not to have passed directly upon this point, the general

rule appears to be well established that when it appears, as here, that a confession has been freely and voluntarily made by the accused in the absence of counsel, and without any request for the presence of counsel, the confession is admissible in evidence.

In *Underhill's Criminal Evidence*, Fourth Edition, § 267, p. 525, the writer says: "A confession is not inadmissible merely because made in the absence of counsel for accused or because accused was not informed that he was entitled to consult counsel."

In *C. J. S.*, Vol. 22, p. 1431, § 817, we find this language: "Matters which do not affect the voluntary character of a confession do not render it inadmissible as involuntarily made. A confession is not rendered inadmissible . . . by the fact that when it was made persons in authority were present, . . . or that he was not represented by counsel, or, if represented, his counsel was not present; or because of other similar factors. A voluntary confession is admissible regardless of where it was made. If the confession was free and voluntary, the motive which prompted it is, as a general rule, immaterial as affecting its admissibility." See, also, 23 *A. L. R.*, p. 1387, section (b), and cases there cited.

We adopt this general rule as sound and as, we think, based on reason and justice. Certainly it would seem that an accused, in circumstances such as are presented here, needed no advice from counsel to aid him in telling the simple truth.

Appellant also objected to all the evidence as being insufficient to sustain the verdict of the jury. As we view the testimony in this case it presents a most savage, vicious and cold-blooded murder. We briefly state it.

On the morning of November 22, 1945, appellant and deceased were alone in the home of the deceased. Appellant and his wife, deceased's daughter, had been married but a short time, but had accumulated approximately $600, which they had deposited in a joint account in a local bank. Appellant's wife was away that morning for the purpose, so appellant seemed to think, to with-

draw a part or all of this money. Appellant and the deceased began quarreling over appellant's bank book and this bank deposit, and at intervals during this quarrel, which lasted for the greater part of the morning and continued to become more heated and violent, the deceased would go outside the house and return. On deceased's last return to the house, appellant had concealed himself behind the kitchen door with an iron bar or poker, about three feet in length, in his hand, and as deceased entered the kitchen door, he struck her on the head, knocked her to the floor, and then proceeded to administer several additional blows on her head, crushing her skull and knocking one of her eyes almost from its socket. He then dragged her into another room, procured an ice pick with which he stabbed her in the region of the heart, approximately a dozen times, each penetration of the ice pick being to a depth sufficient to pierce the heart. The deceased was unarmed at the time, and died very shortly after appellant's attack upon her. We think this evidence abundantly sufficient to support the jury's verdict.

Appellant also objected to the following question asked by the prosecuting attorney on the cross examination of appellant, and appellant's answer, which the court permitted to go to the jury: "Q. You also hit your wife, when she came home you struck her with that poker, didn't you? A. That's right." We think no error appears here. The question and answer were properly admitted as affecting the credibility of the witness and as tending to show the state of defendant's mind. See the recent case of *Gaines* v. *State*, 208 Ark. 293, 186 S. W. 2d 154.

Finally, the appellant questions the action of the court in giving on its own motion and over appellant's objections, seventeen instructions, and the action of the court in refusing to give two instructions requested by the appellant.

We think it could serve no useful purpose to set out these separate instructions. It suffices to say that we have carefully examined each and all of them and are

unable to find any error. It appears that the instructions given by the trial court clearly declared the law applicable to the facts in this case and were similar in effect to instructions usually given in cases of this character. We are also of the opinion that the two instructions requested by defendant were properly refused by the court for the reason that they were fully covered by other instructions which the court gave. An examination of the record discloses no errors and convinces us that, on the whole case, appellant has had a fair and impartial trial, and accordingly, the judgment must be, and is affirmed.